IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER ROUSE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | No. C 04-2081 EJM |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JO ANN B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's Application for Judicial Review of a final decision of the Commissioner of Social Security. The briefing schedule concluded on May, 2005. Affirmed.

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability benefits. The court has jurisdiction pursuant to 42 USC§405(g).

Alleging an onset date of June 18, 2000, plaintiff alleges disability due to amputation of her left leg below the knee. She contends that the Administrative Law Judge (ALJ) erred in failing to find that she met the listing for amputations, 20 CFR Part 404, Subpt. P, App. 1, §1.05B. Additionally, she asserts that the ALJ failed to properly evaluate her credibility. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial

evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

20 CFR Part 404, Subpt. P, App. 1, §105B is the listing for amputation of:

one or both lower extremities at or above the tarsal region, with stump complications resulting in medical inability to use a prosthetic device to ambulate effectively...which have lasted or are expected to last for at least twelve months....

It appears undisputed that plaintiff's left leg was amputated above the tarsal region. However, it appears that the record does not support a conclusion that stump complications resulted in a medical inability to ambulate effectively. See T. 187, 188, 189, 196, 221, 228, 300-301. Additionally, as to the evaluation of the credibility of her subjective allegations, it is the court's view that in discounting the credibility of subjective impairments, the ALJ permissibly considered the views of Dr. McKinley, as well as plaintiff's part-time work, college work, the onset and frequency of headaches, and improvement with treatment. T. 14-17. Accordingly, without minimizing the seriousness of plaintiff's impairments, the court finds there exists substantial evidence on the record as a whole to support the ALJ's decision.

It is therefore

ORDERED

Affirmed.

July 29, 2005.

*Edward J. McManus*
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT